GEORGE H. EASTMAN, APPELLEE, V. ORRIN R. CAIN ET AL., APPELLEES, AND ETHAN C. WOLCOTT, APPELLANT.

FILED JUNE 3, 1897.    No. 7335.

Mortgages: FORECLOSURE: SALE: PARTIES: ALIAS SUMMONS. When a decree of foreclosure had been entered against all the defendants in pursuance of which a sale had been made and confirmed, the service on another proposed defendant of an alias summons, authorized solely to bring him into court, did not justify the foreclosure of his rights without the filing of any pleading whereby such rights were called in question.

APPEAL from the district court of Douglas county. Heard below before FERGUSON, J.   Reversed.

*Ethan C. Wolcott,* for appellant.

*E. R. Duffie, contra.*

RYAN, C.

On the 9th day of October, 1890, George Eastman filed his petition in the district court of Douglas county praying the foreclosure of a certain real estate mortgage. The makers of this mortgage, Orrin R. and Sarah J. Cain, and Josiah S. McCormick, as the holder of some claim upon the mortgaged property, were alone made defendants. On June 9, 1891, a decree was entered, in pursuance of which there was a foreclosure sale, which was duly confirmed on the 15th day of October, 1892. On March 20, 1893, there was a motion filed by plaintiff in the above cause in which were recited the above proceedings, supplemented with this language: "After the filing of the petition in said case, but before the service of the summons, said mortgaged premises were conveyed to Ethan C. Wolcott, who now holds, or claims to hold, the equity of redemption in said lots and who was not made a party defendant in this action, his deed not being of record when the petition was filed. The plaintiff therefore moves the court for leave to amend his petition by making said Ethan C. Wolcott a party defendant that summons may be issued and he be brought into court and his rights determined and adjudicated." This motion was sustained and a summons was accordingly issued and served on Mr. Wolcott, who, on a special appearance restricted to that purpose, moved to quash the summons of which service had been made upon him. This motion was overruled on May 5, 1894, and five days thereafter there was a decree whereby the interest of Wolcott in the mortgaged real property was foreclosed. This was unwarranted by any pleading on file at that time. The motion was for the issue of summons that Wolcott might be brought into court. When it was de-

termined that he was properly in court there could be administered as against him only such relief as was warranted by the pleadings on file. While it would, perhaps, have been proper to have stated in a supplemental petition the facts which had been stated in the motion, and thereon to have asked relief as against Wolcott, this was not done. As against him the decree was unsupported by any averment and not justified by any prayer. The judgment against Wolcott is therefore reversed.

REVERSED AND REMANDED.